Duane MONTGOMERY,
Plaintiff–Appellant,

v.

CHARTER TOWNSHIP OF WEST BLOOMFIELD, MICHIGAN; Ronald D. Cronin, in the official capacity of Chief of Police, West Bloomfield Po-lice Dept.; Timothy L. Cronin, in the official capacity of the West Bloomfield Township Prosecutor, Defendants–Appellees.

No. 02–1125.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2002.

Before BOGGS and COLE, Circuit Judges; BELL, District Judge.*

*ORDER*

Duane Montgomery, a pro se Michigan resident, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief, Montgomery requested that the district court order the local police and prosecutor to bring criminal charges against individuals who repossessed his mother's car. The district court granted summary judgment to the defendants.

In his timely appeal, Montgomery contends that the district court erred: 1) by not allowing him to show that he was a member of a protected class; 2) in determining that he was not a party in interest; 3) in deciding that he failed to state a claim; 4) in denying him due process by preventing him from engaging in discovery; and 5) in determining that the defen-

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

dants had unlimited discretion to initiate criminal charges.

The district court's judgment is reviewed de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

The district court properly granted summary judgment to the defendants. The facts establish that on August 19, 2000, two employees of Silver Shadow Recovery repossessed Helen Smith's BMW when she failed to make payments according to her payment plan. Helen Smith is Montgomery's mother. She does not reside with Montgomery, but was storing her car in his garage. Montgomery alleges that the repossession was conducted in an unlawful fashion and violated several state statutes governing repossessions. Montgomery contacted the West Bloomfield police department to report the incident.

Detective Spencer of the Bloomfield police department conducted an investigation based on Montgomery's report. During the course of his investigation, Spencer interviewed the employees of Silver Shadow who repossessed the BMW. The employees indicated that they easily entered the garage as the garage door was already opened when they got to Montgomery's house. The employees reported that the repossession of the BMW was lawful, as Helen Smith violated the terms of her payment plan. They denied entering Montgomery's home and taking any property besides the BMW.

Based on his investigation, Spencer concluded that the employees entered the garage in a lawful manner and were not the cause of any alleged collateral property loss, if such a loss had actually occurred. The West Bloomfield police declined to seek warrants based on Spencer's investigation and suggested to Montgomery that he could still seek recourse by way of a tort action.

Montgomery brought this action to compel West Bloomfield officials to bring criminal charges against Silver Shadow and other defendants. This action is the fifth in a series of lawsuits and grievances which Montgomery has brought against various defendants. The most relevant civil action was filed by Montgomery in the Oakland County (Michigan) Circuit Court. The named defendants in that action are identical to the defendants in this case. Montgomery sought an order requiring the defendants to prosecute Silver Shadow and its various employees. The trial court held that the police and prosecutor had absolute discretion in bringing criminal charges, barring proof of prohibited discrimination. The trial court found that Montgomery had failed to show or even allege discrimination based on membership in a protected class. Therefore, the trial court granted summary judgment to the defendants.

The complaint is barred by the doctrine of issue preclusion. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. *Id.* Montgomery's action satisfies all the elements of issue preclusion as: 1) his previous action resulted in a final decision on the merits; 2) this action is between the same parties; 3) the issues in this action were raised in the prior action; and 4) the causes of action are identical. Thus, Montgomery's complaint is barred by the doctrine of issue preclusion.

As Montgomery's case is barred by the doctrine of issue preclusion, his remaining arguments alleging various errors by the district court are meritless.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.